UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

R. ALEXANDER ACOSTA, SECRETARY OF LABOR, United States Department of Labor,

    Plaintiff,

v.

TAVCO AUBURN ST, INC.,
TAVCO CHANDLER ST, INC.,
TAVCO GRAFTON/WORCESTER, INC.,
TAVCO LINCOLN ST, INC.,
TAVCO MAIN ST., INC.,
TAVCO GRAFTON/SHREWSBURY, INC., and
TIRUPATHI CHANDRAPU
    Defendants.

CIVIL ACTION: 4:17-cv-40070

# **COMPLAINT**

Plaintiff brings this action to enjoin Defendants from violating the provisions of Sections 6, 7, 11, 12, 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, *et seq*.), hereinafter called the "Act," and to recover unpaid wages and liquidated damages pursuant to the provisions of Sections 15(a)(2) and 16(c) of the Act, 29 U.S.C. §§ 215(a)(2) and 216(c).

I.

This Court has jurisdiction over this action pursuant to Section 17 of the Act, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

II.

Defendant TAVCO AUBURN ST, INC. is, and at all times hereinafter mentioned was, a corporation having an office and place of business at 20 Auburn Street, Auburn, MA, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, engaged at that place of business, and elsewhere, in the operation of a pizza restaurant.

III.

Defendant TAVCO CHANDLER ST, INC. is, and at all times hereinafter mentioned was, a corporation having an office and place of business at 107 Chandler Street Worcester, MA, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, engaged at that place of business, and elsewhere, in the operation of a pizza restaurant.

IV.

Defendant TAVCO GRAFTON/WORCESTER, INC. is, and at all times hereinafter mentioned was, a corporation having an office and place of business at 1137 Grafton Street Worcester, MA, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, engaged at that place of business, and elsewhere, in the operation of a pizza restaurant.

V.

Defendant TAVCO LINCOLN ST, INC. is, and at all times hereinafter mentioned was, a corporation having an office and place of business at 453 Lincoln Street Worcester, MA, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, engaged at that place of business, and elsewhere, in the operation of a pizza restaurant.

VI.

Defendant TAVCO MAIN ST., INC. is, and at all times hereinafter mentioned was, a corporation having an office and place of business at 1168 Main Street Worcester, MA, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, engaged at that place of business, and elsewhere, in the operation of a pizza restaurant.

VII.

Defendant TAVCO GRAFTON/SHREWSBURY, INC. is, and at all times hereinafter mentioned was, a corporation having an office and place of business at 271 Grafton Street

Worcester, MA, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, engaged at that place of business, and elsewhere, in the operation of a pizza restaurant.

VIII.

Defendant TIRUPATHI CHANDRAPU has an office and place of business at 271 Grafton Street, Shrewsbury, MA, and resides in Shrewsbury, MA, both within the jurisdiction of this Court. He is now, and at all times hereinafter mentioned was, an officer of Defendants TAVCO AUBURN ST, INC., TAVCO CHANDLER ST, INC., TAVCO GRAFTON/WORCESTER, INC., and TAVCO LINCOLN ST, INC. During the period hereinafter mentioned, Defendant TIRUPATHI CHANDRAPU had authority over those managing the day-to-day business affairs and operations of the corporate Defendants. Additionally, Defendant TIRUPATHI CHANDRAPU, as an owner of some of the corporate Defendants, would exercise day-to-day control, either directly or indirectly, over all of the defendant Corporations. Specifically, Defendant TIRUPATHI CHANDRAPU had authority over those making business and personnel decisions at the restaurants, including hiring, firing and the rates and amount of compensation paid to the corporate Defendants' employees. Defendant TIRUPATHI CHANDRAPU has acted at all times material herein directly and indirectly in the interest of said corporate Defendants in relation to their employees and was, and is, therefore, an employer of said employees within the meaning of the Act.

IX.

Defendants TAVCO AUBURN ST, INC., TAVCO CHANDLER ST, INC., TAVCO GRAFTON/WORCESTER, INC., TAVCO LINCOLN ST, INC., TAVCO MAIN ST., INC., TAVCO GRAFTON/SHREWSBURY, INC., and TIRUPATHI CHANDRAPU are, and at all times hereinafter mentioned were, engaged in related activities performed through unified operation or common control for a common business purpose, and they are, and at all times

hereinafter mentioned were, an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r). Among other things, the aforementioned Defendants did common ordering of supplies from the same supplier, and shared employees and payroll services, and were actively managed by Defendant TIRUPATHI CHANDRAPU who had final authority over the enterprise's business and personnel decisions.

X.

At all times hereinafter mentioned, Defendants TAVCO AUBURN ST, INC., TAVCO CHANDLER ST, INC., TAVCO GRAFTON/WORCESTER, INC., TAVCO LINCOLN ST, INC., TAVCO MAIN ST., INC., TAVCO GRAFTON/SHREWSBURY, INC., and TIRUPATHI CHANDRAPU employed employees in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce. Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated). The aforementioned Defendants used equipment and supplies that had moved in interstate commerce. Accordingly, the said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the Act, 29 U.S.C. § 203(s).

XI.

Since July 1, 2013, Defendants TAVCO AUBURN ST, INC., TAVCO CHANDLER ST, INC., TAVCO GRAFTON/WORCESTER, INC., TAVCO LINCOLN ST, INC., TAVCO MAIN ST., INC., TAVCO GRAFTON/SHREWSBURY, INC., and TIRUPATHI CHANDRAPU have willfully and repeatedly violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours in said

workweeks at rates not less than one and one-half times the regular rate at which they were employed. Defendants regularly paid employees the regular rate (but not the additional half-time premium) for overtime hours worked. Approximately seventy-three (73) employees in total did not receive the half-time premium for work in excess of 40 hours in a week. The practice affected employees at all of Defendants' restaurant locations. Defendants engaged in the practice on a weekly basis during the entire period covered by this complaint.

XII.

Since July 1, 2013, Defendants TAVCO AUBURN ST, INC., TAVCO CHANDLER ST, INC., TAVCO GRAFTON/WORCESTER, INC., TAVCO LINCOLN ST, INC., TAVCO MAIN ST., INC., TAVCO GRAFTON/SHREWSBURY, INC., and TIRUPATHI CHANDRAPU have willfully and repeatedly violated and are violating the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that they failed to make, keep and preserve adequate and accurate records of employees' wages, hours, and other conditions and practices of employment as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 CFR Part 516, in that Defendants' records fail to show adequately and accurately, among other things, employees' hours worked each workday and the total hours worked each workweek and the regular rates at which they were employed. Defendants did not keep accurate time and payroll records for seventy-three employees during the period covered by this complaint. Defendants also failed to keep accurate records of wage payments to employees. Certain employees received a portion of their wages in cash and the employer failed to keep records of those cash payments. These practices were applied to staff at all of Defendants' restaurant locations.

XIII.

Defendants have violated the aforesaid provisions of the Act during the time periods and in the manner alleged in this Complaint. A judgment enjoining such violations is expressly authorized by Section 17 of the Act, 29 U.S.C. § 217.

XIV.

Defendants have violated the aforesaid provisions of the Act during the time periods and in the manner alleged in this Complaint. Defendants are liable for unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act, 29 U.S.C. § 216(c).

XV.

WHEREFORE, cause having been shown, Plaintiff prays judgment against Defendants as follows:

(1) For an order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with Defendants from prospectively violating the provisions of Sections 6, 7, 11, 15(a)(2), and 15(a)(5) of the Act, 29 U.S.C. §§ 206, 207, 211, 215(a)(2), and 215(a)(5); and

(2) For an order pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), finding Defendants liable for unpaid back wages found due Defendants' employees and liquidated damages equal in amount to the unpaid compensation due, as listed on the attached **Exhibit A**.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Post Office Address: | Nicholas C. Geale |
| U.S. Department of Labor | Acting Solicitor |
| Office of the Solicitor |  |
| JFK Federal Building, Room E-375 | Michael D. Felsen |
| Boston, Massachusetts 02203 | Regional Solicitor |
| TEL: (617) 565-2500 |  |
| FAX: (617) 565-2142 | */s/ Merle D. Hyman* |
| hyman.merle@dol.gov | Merle D. Hyman, BBO #246600 |
|  | Wage and Hour Counsel |
|  |  |
|  | U.S. Department of Labor |
|  | Attorneys for Plaintiff |